IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ALLEN AKENS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:11 CV 186 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Joseph A. Akens under 28 U.S.C. § 2255 to

vacate, set aside, or correct a sentence by a person in federal custody. In his motion Akens

alleges that his Sixth Amendment right to the effective assistance of counsel was viloated and

that he was subjected to prosecutorial misconduct. For the reasons below I find that all of

Akens' claims are without merit. As a result, his motion will be denied.

## I.      BACKGROUND

On June 21, 2007, Akens was indicted on three separate counts. Count I charged Akens

as a Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g)(1). Count II charged

Akens with Possession of Marijuana with the Intent to Distribute in violation of 21 U.S.C. §

841(a)(1). Count III charged Akens with Possession of Firearms in Furtherance of Drug

Trafficking in violation of 18 U.S.C. § 924(c)(1). The three counts were a direct result of items

found and seized pursuant to the execution of a search warrant at Akens' home. The warrant was

issued based upon probable cause. During the search of Akens' home the police seized 877.9

grams of marijuana from his freezer, 15.9 grams of marijuana from a kitchen drawer, digital

scales in the living room, and two loaded firearms from his bedroom. On August 3, 2007, Akens

moved to suppress the evidence seized from his house arguing the search warrant lacked probable cause. On October 22, 2007, United States Magistrate Judge David Noce issued his recommendation that Akens' motion to suppress be denied. Judge Noce found that there was a substantial basis for finding probable cause to issue the search warrant. I adopted that recommendation on December 3, 2007.

On March 18, 2008, Akens, with the advice of his counsel, chose not to proceed with trial by entering into a plea agreement. In accordance with the plea agreement, Akens agreed to plead guilty to Counts I and II, and in exchange the Assistant United States Attorney would move to dismiss Count III. Both parties agreed to a suggested sentence of 140 months imprisonment. The Presentence Report stated that Akens had a base offense level of 26. This level was calculated based on the facts that a semiautomatic firearm seized from Akens was capable of accepting a large capacity magazine and that Akens had committed prior felony controlled substance offenses. Four points were added to the base offense level for possession of firearms in connection with the felony offense of possession of marijuana with the intent to distribute, pursuant to U.S.S.G. § 2K2.1 (b)(6), and two points were subtracted under § 3E1.1(a) for Akens' acceptance of responsibility. All of which resulted in a total offense level of 28.

Both parties also agreed not to appeal if the I sentenced Akens to 140 months. The plea agreements states:

> Sentencing Issues: In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, the as part of the agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the Total Offense Level, the criminal History Category, Career Offender status and Armed Career Criminal status.

In the plea agreement, Akens also agreed to waive his right to file a § 2255 motion, except for claims of prosecutorial misconduct or ineffective assistance of counsel at time of sentencing if I sentenced him consistent with the recommendation in the plea agreement. I accepted Akens' guilty plea. Three days before sentencing, Akens moved to discharge his attorney. I granted that motion and appointed new counsel. Akens' new counsel moved to withdraw Akens' guilty plea. I denied this motion and sentenced Akens to 140 months pursuant to the plea agreement.

On March 25, 2009, Akens appealed his conviction and sentence contending that I erred on three issues. First, that I erred by denying his motion to withdraw his guilty plea. Second, that I erred in assessing the four-level firearm enhancement. Finally, that I erred in finding that he was a career offender. On April 13, 2010, the United States Court of Appeals for the Eighth Circuit denied Akens' claims on appeal and affirmed Akens' conviction and sentence. United States of America v. Akens, 602 F.3d 904, 908 (8th Cir. 2010).

Akens filed a petition for certiorari with the United States Supreme Court which was denied on October 12, 2010.

Akens' present motion claims that he received ineffective assistance of counsel and that he was subjected to prosecutorial misconduct.

## II.     GROUNDS FOR RELIEF

In his 28 U.S.C. § 2255 motion, Akens alleges the following grounds for relief:

1.      Akens was denied effective assistance of counsel in violation of the Sixth Amendment when counsel failed to:

(1)  Investigate or present evidence that Akens' civil rights had been restored;

(2)  Research Akens' Oklahoma and Missouri prior convictions to determine that he was not a convicted felon pursuant to 18 U.S.C. § 922(g)(1);

(3)  Object to the Presentence Report and present favorable evidence in regards to the prior Missouri conviction;

(4)  Produce favorable evidence in regards to the prior Missouri conviction during Akens' motion to withdraw his guilty plea;

(5)  To request a Franks hearing;

(6)  Argue that the search warrant was improper and therefore violated Akens' Constitutional rights.

2.  He was subject to prosecutorial misconduct by the Assistant United States Attorney's failure to produce favorable evidence prior to his guilty plea.

## III.    STANDARD FOR § 2255 RELIEF

**Standard for § 2255 Relief**

Section 2255 of Title 28 of the United States Code provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his

sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."). A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.' " United States v. Wilson, 997 F.2d 429, 431 (8th Cir.1993) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)).

"'Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" Theus v. United States, 611 F.3d 441, 449 (8th Cir. 2010) (quoting United States v. Wiley, 245 F.3d 750, 752 (8th Cir.2001)). One exception arises when there is a "miscarriage of justice," but the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. Wiley, 245 F.3d at 752 (noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.' " (citations omitted). Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

IV.     ANALYSIS

A.     Ineffective Assistance of Counsel

A defendant "faces a heavy burden" to establish ineffective assistance of counsel under §

2255.  DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).  However, a defendant's plea

agreement waiver of the right to seek § 2255 post-conviction relief does not waive defendant's

right to argue, pursuant to that section, that the decision to enter into the plea was not knowing

and voluntary because it was the result of ineffective assistance of counsel.  United States v.

Morrison, 171 F.3d 567, 568 (8th Cir. 1999).  To prove that his trial counsel was constitutionally

defective under the Sixth Amendment, Akens must show that (1) counsel's performance was

deficient and (2) that the deficiency prejudiced the defense.  Strickland v. Washington, 466 U.S.

668, 687 (1984).  To prove deficiency, Akens must meet the high burden of showing that his

counsel made such serious errors such that he was "not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.

1996).  When evaluating counsel's performance, the court "must indulge in a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance."

Strickland, 466 U.S. at 689.  Furthermore, counsel is not ineffective for failing to assert a

meritless argument.  Dyer v. United States, 23 F.3d 1424 (8th Cir. 1994).  A court need not first

determine whether counsel's performance was deficient before examining the prejudice suffered

by the defendant as a result of the alleged deficiencies.  Strickland, 466 U.S. at 670.  If it is easier

to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course

should be followed.  Id.  To establish prejudice a defendant must show that there is a reasonable

probability that, but for the counsel's unprofessional errors, the result of the proceeding would

have been different.  Id. at 699. Where a defendant raises multiple claims of ineffective

assistance, each claim must be examined independently rather than collectively.  Hall v.

Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002).

When a defendant challenges a guilty plea "[t]he test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. at 1110 (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).  A guilty plea is voluntary if it is "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel...."  Brady v. United States, 397 U.S. 742, 755 (1970). "[I]t must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g.bribes)." Id.  When a defendant pleads guilty and then later alleges that the plea was not made voluntarily, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

   a.     Akens' Counsel Was Not Ineffective for Failure to Investigate and Argue That Akens Was No Longer Considered A Convicted Felon under § 922(g)(1).

Akens claims that he received ineffective counsel when his counsel failed to investigate and argue that his Oklahoma felony conviction was expunged and that his civil rights had been fully restored after his prior Missouri felony conviction.  For the reason set forth below I find that counsel was not ineffective.

Title 18 U.S.C. § 922(g)(1) states that any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year shall not ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

ammunition." Akens asserts that he did not violate § 922(g)(1) because after his Missouri conviction his civil rights had been restored under 18 U.S.C. § 921(a)(20). However, 18 U.S.C. § 921(a)(20) states that "[a]ny conviction ... for which a person has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ... possess ... firearms." If applicable state law prohibits a person from possessing any type of firearm then that person's civil rights have not been restored for purposes of § 921(a)(20). Caron v. United States, 524 U.S. 308, 314-15. The United States Court of Appeals for the Eighth Circuit has recognized that "Missouri automatically restores some civil rights" but continues to "withhold[] substantial civil rights." United States v. Brown, 408 F.3d 1016, 1017 (8th Cir. 2005). Akens' asserted that his Missouri rights had been restored on direct appeal. See United States of America v. Akens, 602 F.3d 904, 908 (8th Cir. 2010). The Eighth Circuit Court of Appeals specifically found Akens' claim to be without merit and affirmed his sentence. Id. Based on the Eighth Circuit's ruling, counsel was not ineffective for failing to challenge the Missouri conviction. As a result, Akens' Missouri conviction is sufficient for his § 922(g)(1) conviction. Because Akens' Missouri conviction alone is sufficient predicate for his § 922(g)(1) conviction, I need not address whether the Oklahoma felony conviction had been expunged.

      b.      Akens' Counsel Was Not Ineffective For Failure to Object to Presentence Report or to Present Favorable Evidence of the Prior Missouri Conviction in Motion to Withdraw Guilty Plea.

In an attempt to avoid my finding that he is a Career Offender under U.S.S.G. § 4B1.2(b), Akens claims that he received ineffective counsel when his counsel failed to present favorable evidence that his Missouri conviction was for the offense of possession of a controlled substance

and not for possession of a controlled substance with the intent to distribute. The record undermines this claim. At Akens's sentencing I fully addressed whether Akens' Missouri conviction was for possession or for possession with an intent to distribute. I found that the record from Missouri established that this conviction was for felony possession with an intent to distribute. As a result, this claim is without merit.

       c.      <u>Counsel was Ineffective For Failure to Request a Franks Hearing</u>

Akens asserts that his counsel was ineffective for failure to request a <u>Franks</u> hearing after sufficient evidence for a <u>Franks</u> hearing was presented. Akens already asserted that his right to a <u>Franks</u> hearing was violated in his direct appeal. The Eighth Circuit Court of Appeals found his claim for a <u>Franks</u> hearing to be without merit. <u>Akens</u>, 602 F.3d at 908. Akens' counsel is not ineffective for failing to make a meritless argument for a <u>Franks</u> hearing. <u>Dyer v. United States</u>, 23 F.3d 1424, 1426 (8th Cir. 1994). Moreover, in light of my ruling in Akens' underlying criminal case that there was a substantial basis for finding probable cause to issue the search warrant, I cannot find that Akens received ineffective counsel for failure to request and present arguments for a <u>Franks</u> hearing. As a result, this claim will be denied.

       d.      <u>Counsel Was Not Ineffective for Failure to Argue that Seizure of Firearms was Invalid Due to the Fact that they were Not Listed on Search Warrant.</u>

Akens claims that his counsel was ineffective for failing to argue that the seizure of firearms from his home was invalid. Akens argues that the officers violated his Constitutional rights by seizing the firearms from his home because the firearms were not listed on the search warrant as items to be seized.

The United States Court of Appeals for the Eighth Circuit has already been presented

with a similar claim for ineffective counsel for the alleged failure to file motion to suppress based upon a warrant's failure to list firearms as items to be seized. In United States v. Johnson, the defendant argued that his counsel was ineffective for failure to argue that seizure of firearms was unconstitutional because the warrant authorizing the search permitted the police to search only for narcotics, not firearms. 707 F.2d 317, 320 (8th Cir.1983). However, the Eighth Circuit held that a motion to suppress, had one been made, would not have been successful due to the fact that the failure to list weapons in the warrant would not invalidate the search. Id. at 323. That is because the guns were discovered in a place where the warrant gave the officers right to be. Id. at 322. As a result, this claim for relief will be denied.

### B. Prosecutorial Misconduct

Akens originally claimed that the Assistant United States Attorney failed to produce favorable evidence to him. Specifically, Akens asserts that the docket sheet of Akens' prior Missouri conviction (on which the clerk of court had erroneously noted that this conviction was for mere possession when in fact it was for felony possession with an intent to distribute) was not given to him by the Assistant United States Attorney until he filed his Sentencing Memorandum. However, this information was publicly available information, equally available to Akens. In his traverse Akens withdrew his claim of prosecutorial misconduct. As a result, I shall deny this claim for relief.

## V. REQUEST FOR EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the rules and records of the case conclusively show that he is entitled to no relief. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). An evidentiary hearing is

unnecessary where the files and records conclusively show movant is not entitled to relief.

Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993). Because the records conclusively show

that Akens is not entitled to relief as a matter of law, I need not hold a evidentiary hearing.

## VI.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final

order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.

28 U.S.C. § 2253(c)(1)(B). To grant such certificate, the judge must find a substantial showing

of the denial of a federal constitutional right. Id. at § 2253(c)(2); Tiedeman v. Benson, 122 F.3d

518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among

reasonable jurists, a court could resolve the issues differently, or the issues deserve further

proceedings. Cox v. Norrris, 133 F.3d 565, 569 (8th Cir. 1997). Because Akens has not made

such showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Joseph Allen Akens' motion under 28 U.S.C. § 2255

to vacate, set aside, or correct sentence in federal custody is **DENIED**.

**IT IS FURTHER ORDERED that** the Akens' motion for an evidentiary hearing is

**DENIED**.

**IT IS FURTHER ORDERED that** this court will not issue a certificate of appealability,

as Akens has not made a substantial showing of the denial fo a federal constitutional right.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2013